IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS UPPE, INC., ) | | |
| *trading and doing business as* ) | | |
| CLICKS DOCUMENT MANAGEMENT, ) | | |
| ) | | |
| Plaintiff, ) | | Civil Action No. 14-530 |
| ) | | |
| v. ) | | Judge Cathy Bissoon |
| ) | | |
| GLOBAL COMPUTER ) | | |
| ENTERPRISES, INC., ) | | |
| *trading and doing business as* ) | | |
| GCE, ) | | |
| ) | | |
| Defendant. ) | | |

## **MEMORANDUM ORDER**

### I. **MEMORANDUM**

For the reasons that follow, Defendant's Motion to Dismiss (**Doc. 6**) will be granted.

### **BACKGROUND**

Plaintiff alleges that, on or about July 23, 2013, he entered into a Written Statement of Work agreement (the "Contract") with Defendant, Global Computer Enterprises ("GCE"), a Maryland corporation that maintains a principal place of business in the state of Virginia. Compl. (Doc. 1) at ¶¶ 1-2, 4, Ex. A. Plaintiff has performed all duties required by the Contract, and there remains an outstanding balance of $169,487.72 owed by Defendant to Plaintiff. Id. at ¶¶ 5, 7. Plaintiff seeks payment from Defendant, plus interest and costs of suit. Id.

GCE provides and maintains cloud-based information technology services. Pl.'s Opp'n Br. (Doc. 10) at 1. These services are provided to, *inter alia*, certain federal government

agencies, including the Department of Labor ("DOL") and the Equal Employment Opportunity Commission ("EEOC"). Id. at 1, Ex. 3. These services are utilized by users "nationwide." Id.

GCE maintains no office, owns no real property, and pays no taxes in the Commonwealth of Pennsylvania. Id. at 6. GCE has participated in at least two Pennsylvania events in recent years – an Employment Opportunities Conference in Pittsburgh, Pennsylvania in February of 2012, and a Fall Seminar in Harrisburg, Pennsylvania in or around November, 2013. Id. at Exs. 6-7.

Plaintiff brings this contract dispute against GCE pursuant to the Court's 28 U.S.C. § 1332 diversity jurisdiction. Compl. at ¶ 3. Defendant moves to dismiss the complaint for lack of personal jurisdiction and improper venue.[1]

**ANALYSIS**

Once a defendant files a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'" Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)). A plaintiff, however, need only establish "a prima facie case of personal jurisdiction," and is entitled to have the allegations set forth in the complaint taken as true and all factual disputes drawn in his or her favor. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). The complaint must nevertheless contain "specific facts" rather than vague or conclusory assertions. Marten v. Godwin, 499 F.3d 290, 298 (3d Cir. 2007).

Pennsylvania's long-arm statute provides for jurisdiction "to the fullest extent" permitted under the Due Process Clause of the Fourteenth Amendment. 42 Pa. Cons. Stat. § 5322(b). The

---

[1] As the Court resolves Defendant's Motion to Dismiss on jurisdictional grounds, it need not reach the issue of improper venue.

2

due process clause requires: (1) that the defendant have "minimum contacts" with the forum state; and (2) that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Remick, 238 F.3d at 255 (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109 (1987)). "In evaluating whether personal jurisdiction exists, the Court may only consider the actions taken by the defendant individually." Nationwide Contractor Audit Serv., Inc. v. Nat'l Compliance Mgmt. Servs., Inc., 622 F. Supp. 2d 276, 283 (W.D. Pa. 2008) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984) ("Unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction.")).

Personal jurisdiction may be invoked over a non-resident defendant on the basis of either general or specific jurisdiction. Plaintiff concedes that "the theory of specific jurisdiction is inapplicable" to the instant case, and argues only for a finding of general personal jurisdiction. Pl.'s Opp'n Br. at 5. "The threshold for establishing general jurisdiction is very high, and requires a showing of extensive and pervasive facts demonstrating connections with the forum state." Nationwide, 622 F.Supp.2d at 283-84 (internal citations omitted). General personal jurisdiction is found where the defendant corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Daimler AG v. Bauman, ——U.S. ——, ——, 134 S.Ct. 746, 761 (2014) (quoting Goodyear Dunlop Tires

3

Operations, S.A. v. Brown, ─── U.S. ───, ───, 131 S.Ct. 2846, 2851 (2011)). A corporate defendant is "at home" where it is incorporated and where it has its principal place of business, and these serve as the paradigmatic bases for general jurisdiction. Goodyear, 131 S.Ct. at 2854; Daimler AG, 134 S.Ct. at 760.

"Standing alone, the fact that the defendant has entered, into a contract with a resident third party is insufficient to establish general jurisdiction over the defendant." Nationwide, 622 F.Supp.2d at 286 (citing Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc., 983 F.2d 551, 557 (3d Cir. 1993) (concluding that "[c]ontracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant.")).

Here, Plaintiff's theory of general jurisdiction posits that Defendant, through pervasive cloud computing and participation in a business seminar and an employee-recruitment event in Pennsylvania, has established contacts of a "nature, quality, and quantity" sufficient for the exercise of general person jurisdiction. The Court is not persuaded that Defendant's contacts with Pennsylvania are such that GCE is "at home" in the Commonwealth, permitting for an exercise of general jurisdiction. Primarily, Plaintiff argues that Defendant has established sufficient contacts with Pennsylvania, as "the business of cloud computing . . . exists untethered to any particular jurisdiction." Pl.'s Opp'n Br. at 6. The flaws of Plaintiff's argument are two-fold.

Plaintiff argues that Defendant has a "nationwide" presence because its services are utilized by government agencies that, in turn, operate throughout the United States. Plaintiff's argument turns not on the actions of GCE, but rather on the actions of third party federal government agencies, which operate nationwide. The existence of a contract between Defendant and third parties – third parties that may or may not have sufficient contacts with Pennsylvania to

be subject to general jurisdiction themselves – is irrelevant to a determination of whether or not *Defendant* is "at home" in the forum state.  Nationwide, 622 F. Supp. 2d at 283 (citing Helicopteros, 466 U.S. at 417) ("In evaluating whether personal jurisdiction exists, the Court may only consider the actions taken by the defendant individually.").  Plaintiff has failed to establish that GCE has the requisite systematic and continuous contacts with Pennsylvania for a finding of personal jurisdiction.

Assuming that GCE directly administers its cloud-computing software to users "nationwide," Plaintiff still has failed to meet his burden of "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal citations omitted).  "In the wake of Zippo [Mfg. Co. v. Zippo Dot Com, 952 F. Supp. 1119 (W.D. Pa. 1997)], courts have been reluctant to find general jurisdiction based on internet contacts only, even in those cases where the websites are highly interactive."  Nationwide, 622 F. Supp. 2d at 292 and 292 n.7 (citing cases).  Indeed, the Court cannot conceive of a manner in which a finding of general jurisdiction based on the facts before it would not result in the existence of general jurisdiction over GCE in each and every of the United States, as no facts particular to Pennsylvania are alleged.  Marten v. Godwin, 499 F.3d at 298 (holding that the complaint must contain "specific facts" rather than vague or conclusory assertions).

Plaintiff's theory that Defendant is geographically rooted nowhere, and thus is everywhere, conflicts with the current jurisprudence reinforcing that "the threshold for establishing general jurisdiction is very high," and a corporate defendant must specifically be "at home" in the forum state.  Nationwide, 622 F.Supp.2d at 283-84 (internal citations omitted); Daimler AG, 134 S.Ct. at 760.  In order to be "at home" the corporate defendant must have a

relationship with the state akin to its relationship to its states of incorporation and principal place of business. Id. Plaintiff certainly has made no such showing.

Lastly, GCE's participation in two events in Pennsylvania, fails to bridge the gap between the existence and non-existence of general jurisdiction in this case. Simply put, GCE's participation in two business events in the Commonwealth does not establish that they are sufficiently "at home" within the forum to support a finding of general jurisdiction.

## II. ORDER

For the reasons stated above, GCE's Motion to Dismiss for Lack of Personal Jurisdiction (**Doc. 6**) is **GRANTED** without prejudice to the refiling of this Complaint in the appropriate forum.

IT IS SO ORDERED.

December 2, 2014                                  s\Cathy Bissoon
                                                                          Cathy Bissoon
                                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record